UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In chambers:) MOTION TO DISMISS (dkt. 46, filed June 13, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of July 14, 2014, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION AND BACKGROUND

Pro se plaintiff Richard Dagres filed this case in this Court on February 21, 2014, against defendants Bank of America, N.A. ("BOA"), Deutsche Bank National Trust Company ("Deutsche Bank"), Greenwich Capital Financial Products, Inc. ("GFCP"), Greenwich Capital Acceptance, Inc. ("GCA"), Countrywide Home Loan Servicing LP ("Countrywide"), MERSCORP Inc. ("MERS"), Nationstar Mortgage ("Nationstar"), ReconTrust Comapny N.A. ("ReconTrust"), and Does 1 through 20, inclusive.[1] The operative second amended complaint ("SAC") asserts claims for (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress ("IIED"), (5) quiet title, (6) slander of title, (7) declaratory relief, (8) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, (10) rescission, (11) "beyond the statute of limitations," and (12) "defective notices."

In brief, plaintiff alleges that, on or about October 4, 2006, he obtained a $872,000 home mortgage loanfrom Countrywide Financial, which is now owned by defendant

---

[1] On June 27, 2014, the parties stipulated to the dismissal of defendants GFCP and GCA with prejudice. Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

BOA. SAC ¶ 31. This mortgage was secured by a deed of trust in favor of Countrywide against plaintiff's residence located at 16815 Parthenia Street, Northridge, CA 91343 ("the property"). Id. ¶¶ 12, 31. Plaintiff alleges that her loan was improperly transferred to defendant Deutsche Bank, for the purpose of packaging it into a mortgage-backed security. Id. ¶¶ 32–57. At some point subsequent to this transfer, a notice of default was recorded against plaintiff, and defendants are now attempting to foreclose on the property. Id. ¶ 233.

On June 13, 2014, defendants BOA, Countrywide Home, Deutsche Bank, MERS, Nationstar, and ReconTrust filed a motion to dismiss the SAC. Dkt. 46. On June 23, 2014, plaintiff opposed this motion, dkt. 54, and on June 30, 204, defendants replied, dkt. 56. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. ANALYSIS

### A. Claims for Lack of Standing to Foreclose, Fraud in the Concealment, Quiet Title, Slander of Title, Declaratory Relief, and Rescission

The gravamen of these six claims is that defendants cannot foreclose on plaintiff's property because the promissory note was improperly repackaged into a mortgage-backed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

security. SAC ¶¶ 15-30, 32-56, 59-60, 123, 169-70, 181, 189. Plaintiff argues that this securitization process deprived defendants of the authority to foreclose on the property. Plaintiff particularly objects that any transfer of his note was not performed in accordance with the Pooling and Servicing Agreement ("PSA") governing securitization of his mortgage. Id. ¶ 46.

In ruling on plaintiff's application for a temporary restraining order, the Court previously found that these claims had no probability of success on the merits, because the securitization of plaintiff's promissory note did not deprive defendants of the power to foreclose on the property. This reasoning has subsequently been confirmed by numerous California Court of Appeal decisions. See, e.g., Castro v. Aurora Loan Servs., LLC, B247114, 2014 WL 2446719 (Cal. Ct. App. June 2, 2014) ("Any alleged securitization issues did not render the plaintiff's default irrelevant, and thus allegations of an improper securitization did not give rise to an actual, present controversy involving the plaintiff."); Keshtgar v. U.S. Bank, N.A., 2014 WL 2943240 (Cal. Ct. App. June 30, 2014); Spicuzza v. U.S. Bank, Nat'l Ass'n, 2014 WL 2735769 (Cal. Ct. App. June 17, 2014); Fontes v. U.S. Bank Nat'l Ass'n, 2014 WL 2772402 (Cal. Ct. App. June 19, 2014); Yvanova v. New Century Mortgage Corp., 226 Cal. App. 4th 495, 502 (2014); Peng v. Chase Home Fin. LLC, 2014 WL 1373784 (Cal. Ct. App. Apr. 8, 2014). Accordingly, because plaintiff's SAC alleges essentially the same securitization-based contentions as plaintiff's original complaint, the Court finds that these claims must be dismissed. Moreover, as it does not appear any amendment could cure the fundamental deficiencies with plaintiff's securitization-based claims, this dismissal shall be with prejudice. See Schreiber Distrib. Co., 806 F.2d at 1401.

### B.     Claim for "Beyond Statue of Limitations"

Plaintiff also asserts that defendants are attempting to foreclose more than four years after his last payment on the loan, placing them outside the four year statute of limitations on breach of contract actions. This claim fails, however, as defendants are not asserting a claim for breach of contract, but rather exercising the power of sale contained within the deed of trust. California law expressly provides that the statute of limitations on a power of sale is either 10 years after the last date fixed for payment of the debt, or "60 years after the date the instrument that created the security interest was recorded."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

Cal. Civ. Code § 882.020; see also Ung v. Koehler, 135 Cal. App. 4th 186, 194 (2005) (analyzing the effects of § 882.020).

Plaintiff argues that this Court should instead apply the four year statute of limitations for contracts, because his promissary note has been separated from the deed of trust on his property during the securitization process. Plaintiff cites no authority for the proposition that securitization alters the statute of limitation imposed by § 882.020. Accordingly, the Court finds this argument unpersuasive, and thus dismisses this claim. As it does not appear that plaintiff could allege facts that would make defendants' efforts to foreclose untimely, this dismissal shall be with prejudice. See Schreiber Distrib. Co., 806 F.2d at 1401.

### C. Claim for IIED.

To state a claim for IIED, a plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Hughes v. Pair, 46 Cal. 4th 1035, 1050 (2009) (citing Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1013 (1993)). A defendant's conduct is considered "outrageous" when it is "so extreme as to exceed all bounds of that usually tolerated in a civilized community." Hughes, 46 Cal. 4th at 1050–51. Here, plaintiff contends that defendants' efforts to foreclose on the property were "outrageous" because they threatened plaintiff with loss of his property. SAC ¶ 162.

Defendants argue that plaintiff's claim should be dismissed because attempting to foreclose on property is not sufficiently "outrageous" to support a claim for IIED. The Court agrees. As discussed above, plaintiff has not alleged that a foreclosure sale has taken place. The weight of authority indicates that the foreclosure proceedings are not sufficiently outrageous to support a claim for IIED. In Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185 (S.D. Cal. 2010), for example, the court found that it was not outrageous for a bank to lawfully foreclose on a plaintiff's property, even though one of the bank's employees allegedly told plaintiff that the foreclosure sale would not occur. Similarly, in Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 884 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

Cal. 2010), the court found that while "home foreclosure is a terrible event and likely to be fraught with unique emotions and angst," a foreclosing party does not act outrageously if it asserts its right to foreclosure in good faith. See also Ross v. Creel Printing & Publ'g Co., Inc., 100 Cal. App. 4th 736, 745 n.4 (2002) ("The assertion of an economic interest in good faith is privileged, even if it causes emotional distress."). Accordingly, because plaintiff has not sufficiently pled outrageous conduct, the Court finds that the IIED claim should be dismissed with prejudice.

### D. Fraud in the Inducement

Plaintiff asserts a claim for fraud in the inducement. A claim for fraud consists of: (1) a misrepresentation, (2) made with knowledge of its falsity; (3) with an intent to induce reliance; combined with (4) justifiable reliance; and (5) resulting damage. 5 Witkin, Summ. Cal. Law, Torts § 772 (10th ed.2005); see also Terra Ins. Co. v. N.Y. Life Inv. Mgmt. LLC, 717 F. Supp. 2d 883, 890 (N.D. Cal. 2010). These claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Here, Plaintiff alleges that he was defrauded into taking out a "negative amortization no doc loan." Plaintiff asserts that: "The Mortgage Broker working on commission falsified my income on the application, overappraised the home, and got me cash out that I later could not afford when the payments doubled." SAC ¶ 143.

The Court finds that this claims fails, for two reasons. First, it does not appear that plaintiff has alleged justifiable reliance. To show justifiable reliance in this case, plaintiff would have to allege that he purchased the mortgage on the strength of representations that later turned out to be untrue. Here, however, plaintiff concedes that he "willingly participated in this scheme." SAC ¶ 144. If plaintiff "willingly participated" in the scheme to falsify his income and to procure him a "negative amortization no doc loan," plaintiff did not justifiably rely on any representations. Second, plaintiff's fraud claim is not pled with particularity, as required by Fed. R. Civ. P. 9(b). Plaintiff makes general accusations about misconduct in the mortgage industry, see id. ¶¶ 145-148, but does not provide any detail about what representations were made, and why those representations are untrue. Accordingly, the Court finds that plaintiff has failed to state a claim for fraud, and dismisses the claim without prejudice.

Case 2:14-cv-01339-CAS-CW   Document 59   Filed 07/10/14   Page 7 of 10   Page ID #:866

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

### E.    Claim for Violation of TILA

Plaintiff alleges that defendants violated TILA, 15 U.S.C. § 1601 et seq., by failing to adequately inform plaintiff of the risks associated with adjustable-rate mortgages. SAC ¶¶ 197-202.  Defendants respond that plaintiff's TILA claims are (1) insufficiently pled and (2) time-barred because TILA's three-year statute of limitations is triggered when the borrower enters the loan agreement with the creditor.  Mot. 21-22.  Defendants also argue plaintiff is not entitled to rescission under TILA because that remedy is unavailable to residential mortgages.  Id. at 23.

The Court finds that plaintiffs do not allege a valid claim for damages under TILA. Individual actions for damages under TILA must be filed within one year of the date of the occurrence of the alleged violation.  15 U.S.C. § 1640(e).  Ordinarily, any failure to disclose necessary information occurs, if at all, at the time the loan documents are signed. Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003).  Here, plaintiff signed his loan documents on October 4, 2006.  SAC ¶ 31.  Plaintiff filed his complaint in this Court on February 21, 2014.  More than four years passed between the time when plaintiff signed the loan documents and the time when he filed his complaint.  Therefore, the Court finds that the claim is time-barred.

Plaintiff contends that the limitations period should be tolled because defendants failed to "effectively provide the required disclosures and notices" required under TILA. SAC ¶ 199.  The Ninth Circuit has held that equitable tolling of claims for damages under TILA may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  King v. California, 784 F.2d 910, 914–15 (9th Cir. 1986).  However, when a plaintiff does not allege any facts demonstrating that he or she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate.  See Meyer, 342 F.3d at 902–03 (declining to apply equitable tolling to TILA claim where plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged violations).

The Court finds that plaintiff has failed to plead sufficient facts to demonstrate that he could not have discovered the alleged violations by exercising due diligence, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

therefore that plaintiff is not entitled to equitable tolling of his TILA damages claim. Plaintiff has possessed the allegedly deficient mortgage documentation since October 2006. Courts in the Ninth Circuit have found equitable tolling inappropriate under similar circumstances. See Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009) (finding that even though plaintiffs alleged that they were not familiar with mortgage transactions and the disclosures were unclear, plaintiffs failed to sufficiently plead entitlement to equitable tolling since they did not provide facts suggesting they could not have discovered the TILA violations through due diligence); see also Suguri v. Wells Fargo Bank, 2009 WL 2486546, at *3 (C.D. Cal. Aug. 7, 2009) (granting dismissal under similar circumstances). Thus, this claim is barred by TILA's one-year statute of limitations. Accordingly, the Court DISMISSES plaintiff's claim for damages under TILA without prejudice.

      The Court also finds that plaintiff does not have a valid claim for rescission under TILA because TILA does not apply to "residential mortgage transactions." See 12 C.F.R. § 226.23(a); Sitanggang v. Countrywide Home Loans, Inc., 419 Fed. App'x 756, 757 (9th Cir. 2011) (affirming the district court's decision to dismiss plaintiff's TILA claim for rescission because the loan used to acquire plaintiff's property qualified as a "residential mortgage transaction."). Here, TILA's right of rescission does not apply because plaintiff's loan was used to purchase a single family residence.

      **F.**     **Claim for Violation of RESPA**

      Plaintiff further alleges that defendants violated RESPA, 12 U.S.C. § 2601 et seq., because unspecified payments sent among them "were misleading and designed to create a windfall." See SAC ¶¶ 207-211. Plaintiff claims the payments violated a two-part test promulgated by the U.S. Department of Housing and Urban Development (HUD) in 1999. Id. Defendants contend that the alleged RESPA violations are impermissibly vague as to who made and received the payments and which sections of RESPA this conduct violated. Mot. 23. Defendants note that payments to mortgage brokers are exempt from the statute's prohibition of "kickbacks and unearned fees." Id.; see also 12 U.S.C. § 2607(c)(3). Defendants also argue that RESPA claims are subject to either a one or three-year statute of limitations, beginning from the date the loan closed. Mot. 23. Thus, defendants argue, the RESPA claim is time-barred as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**         'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

The Court finds that plaintiff's RESPA claim fails to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires sufficient allegations to put the defendants fairly on notice of the claims against them. McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). A plaintiff must allege with at least some degree of specificty overt acts which defendants engaged in that support plaintiff's claim. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). Here, plaintiff does not explain what payments he refers to, who made them, or why they would violate RESPA. Nor does he explain how the HUD test he cites applies to the defendants' conduct, or why the test creates a private right of action. Thus, the RESPA claim fails to adequately notify defendants of the conduct that plaintiff alleges to be wrongful. Accordingly, the Court DISMISSES plaintiff's RESPA claim without prejudice.

### G. "Defective Notices"

The SAC asserts a claim for "defective notices." The bulk of this claim recapitulates plaintiff's assertion that the securitization of his loan deprived defendants of the authority to foreclose. See, e.g., SAC ¶¶ 237-244, 252-266. These allegations do not state a claim, for the reasons set forth above.

However, this claim also asserts that defendants violated Cal. Civ. Code § 2923.5. Cal. Civ. Code § 2923.5 provides that a mortgagee or authorized agent wishes to file a notice of default must "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," at least thirty days before filing a default notice. Cal. Civ. Code § 2923.5(a) "A notice of default recorded pursuant to Section 2924 shall include a declaration that the mortgage servicer has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower' pursuant to subdivision (c) of Section 2920.5." Cal. Civ. Code § 2923.5(b). The remedy for violation of this statute is postponement of the scheduled foreclosure until there is compliance by the foreclosing party. Mabry v. Superior Court, 185 Cal. App. 4th 208 (2010).

Here, plaintiff alleges that defendants' Notice of Default attaches a declaration from Christopher Dar, a "Mortgage Servicing Specialist" at BOA. SAC ¶ 246. This declaration stated that BOA exercised due diligence in trying to contact plaintiff, but was unable to contact him prior to filing the Notice of Default. Id. ¶ 247. Plaintiff asserts that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

this declaration "is a total fabrication," id. ¶ 248, and that he was never contacted by Mr. Dar, id. ¶ 249.

The Court finds that these allegations do not state a claim for violation of Cal. Civ. Code § 2923.5. Section 2923.5 does not require that Mr. Dar have contacted plaintiff personally. Instead, it is sufficient that Bank of America or its agents have "tried with due diligence to contact the borrower." Because the SAC as currently pled only alleges that plaintiff never spoke with Mr. Dar, and specifically does not allege that plaintiff was not contacted by other individuals at BOA regarding foreclsure, the SAC does not state a claim for violation of § 2923.5. However, because plaintiff may plead additional facts to show he has a claim under § 2923.5, namely that he was not contacted by any other BOA agent prior to the filing of the Notice of Default, this dismissal shall be without prejudice.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants motion to dismiss. The Court dismisses with prejudice plaintiff's first, second, fourth, fifth, sixth, seventh, tenth, and eleventh claims. All other claims are dismissed without prejudice. Plaintiff shall have until **August 4, 2014**, to file an amended complaint correcting the deficiencies identified herein. Plaintiff shall not add any claims not currently pled in the SAC. Plaintiff is admonished that any amended pleading must clearly set forth the factual basis of plaintiff's claims, including what communications, if any, plaintiff has had with defendants.

IT IS SO ORDERED.

                                                                                                                                                                                                                 00:00
                                                                                                                                                                                                                  CMJ