UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Katherine Stride | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants |
|---|---|
| Not Present | Jeffrey Ingram |

**Proceedings:** MOTION TO DISMISS THIRD AMENDED COMPLAINT (dkt. 46, filed August 25, 2014)

## I. INTRODUCTION AND BACKGROUND

Pro se plaintiff Richard Dagres filed this case in this Court on February 21, 2014, against defendants Bank of America, N.A. ("BOA"), Deutsche Bank National Trust Company ("Deutsche Bank"), Greenwich Capital Financial Products, Inc. ("GFCP"), Greenwich Capital Acceptance, Inc. ("GCA"), Countrywide Home Loan Servicing LP ("Countrywide"), MERSCORP Inc. ("MERS"), Nationstar Mortgage ("Nationstar"), ReconTrust Comapny N.A. ("ReconTrust"), and Does 1 through 20, inclusive.[1] Plaintiff's second amended complaint ("SAC") asserts claims for (1) lack of standing to foreclose, (2) fraud in the concealment, (3) fraud in the inducement, (4) intentional infliction of emotional distress ("IIED"), (5) quiet title, (6) slander of title, (7) declaratory relief, (8) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, (9) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, (10) rescission, (11) "beyond the statute of limitations," and (12) "defective notices."

On July 10, 2014, the Court dismissed with prejudice plaintiff's first, second, fourth, fifth, sixth, seventh, tenth, and eleventh claims. Dkt. 59. Plaintiff subsequently filed the operative third amended complaint ("TAC") on August 4, 2014. Dkt. 62. The

---

[1] On June 27, 2014, the parties stipulated to the dismissal of defendants GFCP and GCA with prejudice. Dkt. 55.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

TAC asserts claims for (1) fraud in the inducement, (2) violation of TILA, (3) violation of RESPA, (4) "defective notices," and (5) declaratory relief.[2]

In brief, plaintiff alleges that, on or about October 4, 2006, he obtained a $872,000 home mortgage loan from Countrywide Financial, which is now owned by defendant BOA. TAC ¶ 48. This mortgage was secured by a deed of trust in favor of Countrywide against plaintiff's residence located at 16815 Parthenia Street, Northridge, CA 91343 ("the property"). Id. ¶¶ 9, 48. Plaintiff alleges that his loan was improperly transferred between defendants for the purpose of packaging it into a mortgage-backed security. Id. ¶¶ 49–68. At some point subsequent to this transfer, a notice of default was recorded against plaintiff, and defendants are now attempting to foreclose on the property. Id. ¶ 14, 176.

Defendants moved to dismiss the TAC on August 25, 2014. Dkt. 71. Plaintiff opposed the motion on September 25, 2014, dkt. 75, and defendants replied on October 6, 2014, dkt. 75. The Court held a hearing on October 20, 2014. Having considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

---

[2] Because the Court dismissed plaintiff's claim for declaratory relief with prejudice in the July 10, 2014 order, it was improperly re-pled by plaintiff in his TAC and the Court does not consider it here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. ANALYSIS

Before reaching plaintiff's individual claims, the Court addresses two preliminary matters. First, plaintiff's TAC re-pleads theories related to the allegedly improper securitization of his loan—theories that this Court has already dismissed with prejudice because they fail as a matter of law. See, e.g., TAC ¶¶ 5-69, 127, 153; July 10, 2014 Order at 10. Accordingly, to the extent that plaintiff continues to base his claims on these theories, the Court does not address these arguments below.

Second, plaintiff asserts that defendants' refusal to provide him with certain documents has precluded him from pleading his fraud, RESPA, and TILA claims with the requisite particularity. Opp'n Mot. Dism. at 12. Specifically, plaintiff alleges that he sent defendants several Qualified Written Requests ("QWRs") over the past few years seeking documents related to his mortgage. See, e.g. TAC ¶¶ 103, 139. In his opposition, plaintiff attaches a list of these documents that he recently sought from defendants' attorneys. Opp'n Mot. Dism. Ex. A. Plaintiff requests that the Court order defendants to produce these documents to plaintiff, provide plaintiff with enough time to file "an adequately pled Fourth Amended Complaint" based upon the content of these documents, and vacate the TAC and accompanying motion to dismiss. Id. at 16. Having reviewed plaintiff's list of requested documents, it appears that they relate to the allegedly improper securitization of plaintiff's loan. Because the Court has already found that plaintiff's claims fail as a matter of law to the extent that they are predicated on such securitization, the Court fails to see how these documents could enable plaintiff to adequately plead his fraud, RESPA, and TILA claims. The Court therefore DENIES plaintiff's request and proceeds to consider defendants' motion to dismiss plaintiff's TAC.

### A. Claim for Fraud in the Inducement

Plaintiff asserts a claim for fraud in the inducement. A claim for fraud consists of: (1) a misrepresentation; (2) made with knowledge of its falsity; (3) with an intent to induce reliance; combined with (4) justifiable reliance; and (5) resulting damage. 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
|---|---|---|---|
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

Witkin, Summ. Cal. Law, Torts § 772 (10th ed.2005); see also Terra Ins. Co. v. N.Y. Life Inv. Mgmt. LLC, 717 F. Supp. 2d 883, 890 (N.D. Cal. 2010).  These claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that "[a]verments of fraud . . . be accompanied by 'the who, what, when, where, and how' of the misconduct charged."  Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  Here, as in his SAC, plaintiff alleges that he was defrauded into taking out a "negative amortization no doc loan."  TAC ¶ 113.

The Court finds that this claim fails because the TAC does not remedy the two deficiencies identified in the Court's July 10, 2014 order dismissing plaintiff's SAC.  First, plaintiff still does not allege justifiable reliance.  As the Court's July 10, 2014 order noted, the SAC conceded that plaintiff "willingly participated in a scheme to falsify his income and to procure him a negative amortization no doc loan."  Dkt. 69 at 5.  The Court then advised plaintiff that, "[t]o show justifiable reliance in this case, plaintiff would have to allege that he purchased the mortgage on the strength of representations that later turned out to be untrue."  Id. at 5.  The TAC does not make such allegations.  Instead, plaintiff states that he "willing unknowingly participated in this loan scheme."  TAC ¶ 116.  Moreover, plaintiff alleges that, when he secured the loan in 2006, he told his mortgage broker that he wanted to borrow "as much as [he] [could] get."  Id. ¶ 188.  This statement undermines any allegations of reliance, since it strongly suggests that plaintiff would have taken out the loan regardless of the representations to which he was exposed.

Second, plaintiff has still not pled his fraud claim with the particularity required by Rule 9(b).  The Court previously admonished plaintiff that "general accusations about misconduct in the mortgage industry" would not suffice to state a claim; rather, plaintiff needed to allege "detail about what representations were made, and why those representations are untrue."  Dkt. 59 at 6.  Plaintiff's TAC reiterates these general accusations, see, e.g., TAC ¶¶ 114, 118-122, but does not allege what representations were made or why they were untrue.  Although plaintiff does identify his mortgage broker as Jim Sorenson, plaintiff does not actually allege what, if any, misrepresentations Sorenson made to him.  TAC ¶ 115.  Because plaintiff has failed to state a claim on his third attempt to do so, the Court GRANTS with prejudice defendants' motion to dismiss plaintiff's claim for fraud in the inducement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

### B. Claim for Violation of TILA

Plaintiff once again alleges that defendants violated TILA, 15 U.S.C. § 1601 *et seq.*, by failing to adequately inform plaintiff of the risks associated with adjustable-rate mortgages in 2006. TAC ¶ 135. The Court previously found that plaintiff's TILA claim was time-barred, and that plaintiff had not adequately alleged why the limitations period should be tolled. Dkt. 59 at 7. Specifically, the Court found that plaintiff "failed to plead sufficient facts to demonstrate that he could not have discovered the alleged violations by exercising due diligence." Id.

The Court finds that plaintiff's TAC does not remedy this deficiency. As in his SAC, plaintiff conclusorily asserts that the statute of limitations "should be tolled due to Defendants' failure to effectively provide the required disclosures and notices." TAC ¶ 136. Although plaintiff also alleges that defendants' failure to respond to several QWRs since 2012 has precluded him from "perform[ing] an actual audit of TILA, HOEPA, and RESPA," TAC ¶ 142, it is unclear how these allegations satisfy the due diligence requirement. Even assuming that the documents requested in the QWRs are relevant to plaintiff's TILA claim, plaintiff has not alleged why he waited until 2012 to make these requests. As noted in the Court's July 10, 2014 order, plaintiff has possessed the allegedly deficient mortgage documentation since October 2006. Courts in the Ninth Circuit have found equitable tolling inappropriate under similar circumstances. See Akhavein v. Argent Mortg. Co., 2009 WL 2157522, at *3 (N.D. Cal. July 18, 2009) (finding that even though plaintiffs alleged that they were not familiar with mortgage transactions and the disclosures were unclear, plaintiffs failed to sufficiently plead entitlement to equitable tolling since they did not provide facts suggesting they could not have discovered the TILA violations through due diligence); see also Suguri v. Wells Fargo Bank, 2009 WL 2486546, at *3 (C.D. Cal. Aug. 7, 2009) (granting dismissal under similar circumstances). Because plaintiff has failed on three occasions to state a claim under TILA, the Court GRANTS with prejudice defendants' motion to dismiss this claim.

### C. Claim for Violation of RESPA

Plaintiff's allegations that defendants violated RESPA, 12 U.S.C. § 2601 *et seq.* largely mirror the allegations contained in plaintiff's SAC. Specifically, plaintiff alleges that unspecified payments sent among defendants "were misleading and designed to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

create a windfall." TAC ¶ 152. He further claims that the payments violated a two-part test promulgated by the U.S. Department of Housing and Urban Development (HUD) in 1999. Id. ¶¶ 148-49. The Court previously dismissed plaintiff's RESPA claim pursuant to Rule 8(a), since plaintiff did "not explain what payments he refers to, who made them, or why they would violate RESPA. Nor does he explain how the HUD test he cites applies to the defendants' conduct, or why the test creates a private right of action." Dkt. 59 at 9.

Plaintiff makes no effort to address these deficiencies in his TAC. Instead, he again alleges that defendants' failure to respond to his QWRs has precluded him from obtaining the documents necessary to "perform a forensic audit for RESPA violations" that would permit him to adequately plead this claim. TAC ¶¶ 164-65. However, as discussed supra, the documents requested in the QWRs appear to be related to plaintiff's previously rejected securitization theories. Moreover, plaintiff's RESPA allegations continue to sound in these theories. See, e.g., TAC ¶¶ 153-54. In light of this, the Court fails to see how non-receipt of these documents has precluded plaintiff from adequately pleading his RESPA claim. Accordingly, the Court GRANTS with prejudice defendants' motion to dismiss plaintiff's RESPA claim.

### D. Claim for "Defective Notices"

The TAC asserts a claim for violation of Cal. Civ. Code § 2923.5, which plaintiff phrases as a claim for "defective notices."[3] Specifically, plaintiff alleges that defendants failed to contact him in the 30 days prior to filing the Notice of Default ("NOD") on his mortgage. TAC ¶ 181.

Cal. Civ. Code § 2923.5 prohibits a mortgagee or authorized agent from recording an NOD without "contact[ing] the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," at least thirty days before filing the default notice. Cal. Civ. Code § 2923.5(a). The NOD must "include a declaration that the mortgage servicer has

---

[3] To the extent that plaintiff reasserts claims for violation of Cal. Civ Code §§ 2924 and 2934, the Court previously dismissed these claim with prejudice and thus does not reconsider them here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required because the individual did not meet the definition of 'borrower' pursuant to subdivision (c) of Section 2920.5." Cal. Civ. Code § 2923.5(b). Due diligence requires sending a letter to the borrower by first class mail, making three attempts to contact the borrower by telephone, and sending a certified letter if no response is received within two weeks of the telephone attempts. Cal. Civ. Code § 2923.5(e). The remedy for violation of this statute is postponement of the scheduled foreclosure until there is compliance by the foreclosing party. Mabry v. Superior Court, 185 Cal. App. 4th 208 (2010).

Here, plaintiff alleges that defendants' NOD attaches a declaration from Christopher Dar, a "Mortgage Servicing Specialist" at BOA. TAC ¶ 182. This declaration states that BOA exercised due diligence in trying to contact plaintiff. Id. Plaintiff asserts that this declaration "is a total fabrication," id. ¶ 184, and alleges that he was never contacted by BOA "by any method of communication whatsoever." Id. ¶ 188.

Defendants respond to these allegations with two arguments. First, they contend that plaintiff conceded in his SAC that he "was in fact reviewed for a loan modification prior to any foreclosure activity." Mot. Dism. at 21. Second, defendants assert that because the only available remedy is postponement of foreclosure until defendants comply with the statute, delaying foreclosure in order to "re-review plaintiff for *another* loan modification" would be futile. Id. at 22 (emphasis in original). Plaintiff counters that numerous courts in this circuit have found that allegations of non-compliance suffice to state a claim pursuant to Cal. Civ. Code § 2923.5, even where a declaration of compliance exists. See, e.g., Barrionuevo v. Chase Bank, N.A., 885 F. Supp. 2d 964, 977 (N.D. Cal. 2012) ("When a plaintiff's allegations dispute the validity of defendant's declaration of compliance in a Notice of Default as here, the plaintiff has plead enough facts to state a claim to relief that is plausible on its face.") (internal quotations omitted); Argueta v. J.P. Morgan Chase, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) (same).

The Court finds that plaintiff has failed to state a claim for violation of Cal. Civ. Code § 2923.5. Contrary to defendants' assertions, neither the SAC nor TAC alleges that plaintiff was contacted by BOA regarding loan modification prior to the recording of the NOD. However, plaintiff admits in his opposition that he was "talked to by Bank of America about a loan modification long after they filed the NOD." Opp'n Mot. Dism. ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:14-cv-01339-CAS(CWx) | Date | October 20, 2014 |
| Title | RICHARD P. DAGRES V. COUNTRYWIDE BANK, N.A. ET AL | | |

72. Courts in this circuit have found that, where a plaintiff concedes that defendants explored foreclosure alternatives with plaintiff, a claim under section 2923.5 cannot be maintained. See, e.g., Lomely v. JP Morgan Chase Bank, Nat. Ass'n, 2012 WL 4123403, *5 (N.D. Cal. Sept. 17, 2012) ("[Plaintiff] states that he had conversations with Chase representatives regarding foreclosure alternatives. []. This seems to indicate that Chase complied with the procedures and protections set up by section 2393.5, or, in the alternative, that Lomely has not been prejudiced."); Mueller v. Bank of Am., N.A., 2012 WL 3134243 at *8 (S.D. Cal. Aug. 1, 2012) (dismissing section 2393.5 claim where plaintiff alleged "extensive negotiations with Defendants regarding Plaintiff's financial situations and foreclosure options"); Davenport v. Litton Loan Servicing, LP, 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010) (dismissing section 2393.5 claim where plaintiff alleged "how she and her legal counsel discussed modification" with defendants).

Further, plaintiff has not alleged that he suffered prejudice as a result of defendants' alleged noncompliance with section 2923.5. Lomely, 2012 WL 4123403 at *4 ("Even in the event that a foreclosure procedure was improper, a challenger must still show resulting prejudice."); Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) ("Courts have rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity."). In light of plaintiff's concession that he has explored foreclosure options with BOA since the NOD was recorded—and the fact that foreclosure has now been delayed for several years—it does not appear that plaintiff could adequately allege prejudice, even if given an opportunity to do so.

Accordingly, the Court finds that plaintiff has failed to state a claim for "defective notices" under section 2923.5. Because this deficiency cannot be cured by amendment, the Court GRANTS with prejudice defendants' motion to dismiss this claim.

IV. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS with prejudice defendants motion to dismiss plaintiff's third amended complaint.

IT IS SO ORDERED.

| | 00 : 01 |
|---|---|
| Initials of Preparer | CMJ |